***********
Upon review of the competent evidence of record with reference to the errors assigned and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission affirms, with minor modifications, the Decision and Order of the Deputy Commissioner as follows:
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties prior to the hearing in a Pre-Trial Order, at the hearing and following the hearing as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission, and Industrial Commission has jurisdiction of the parties and of the subject matter.
2. All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
3. On May 5, 1994, Robert Hood was inside Chidley Hall, the male dorm located on the campus NCCU. Mr. Hood was a resident of the dorm.
4. While inside the dorm, Ramon Lee Lyon, who was not a resident at Chidley Hall or a student at NCCU, entered through an open door and shot Mr. Hood.
5. The man who shot Mr. Hood had been involved in an assault on another male student on campus earlier that day.
6. The parties stipulated into evidence as Stipulated Exhibit 1, a packet of plaintiff's medical records and medical bills.
 ***********
Based upon all the competent evidence of record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. On May 5, 1994, plaintiff was a twenty year old student and football player at North Carolina Central University (hereafter "NCCU") who lived in Chidley Hall dorm.
2. NCCU had two unarmed security guards assigned to Chidley Hall from 7:00 p.m. until 7:00 a.m. Campus police routinely checked the dorm and even positioned themselves in the parking lot when they were not required elsewhere on campus.
3. On May 5, 1994, at approximately 6:00 p.m., plaintiff joined a group of 20 to 30 football players congregated in front of Chidley Hall. They were waiting there to confront Kenya Carter, who allegedly assaulted a teammate earlier in the day. Campus police were called to the scene and Sergeant Victor Egbuonye and Officer Eric Evans went to the dorm.
4. After the arrival of Sergeant Egbuonye and Officer Evans, Kenya Carter and another man, Lyons, who had a gun, emerged from the dorm and drove away. Lyons, the gunman, made a threatening gesture toward plaintiff with the gun and told him "You shouldn't have told."
5. Shortly thereafter, plaintiff and the other football players learned that Carter and Lyons were in a car in the parking lot behind the dorm. Plaintiff and the other football players went to the back and side of the dorm. Plaintiff hid behind a bush because he knew Carter and Lyons had a gun.
6. Officers Egbuonye and Evans also went to the back of the dorm and attempted to apprehend Carter and Lyons. The officers warned the football players, including plaintiff, that one of the two men in the car had a gun and that they should not approach the area.
7. The officers ordered the men to get out of the car and to lie on the ground. The driver of the car complied, but Lyons, the gunman, ran into the back of Chidley Hall. Plaintiff saw the man with the gun run away from the officers.
8. Several of the football players, including plaintiff, went around the front of the dorm and entered. Plaintiff testified that he assumed he would be safe inside; however, he did not seek a place of safety, choosing instead to walk down the halls.
9. While in the dorm, plaintiff and the other football players encountered the gunman. The gunman shot plaintiff as he and a group of others were running away.
10. Students often prop the doors of Chidley Hall open against the instructions of NCCU. The students even dismantled or broke doors, which had special locking devices.
11. There is no negligence on part of the named employees of NCCU. The University instituted reasonable measures to provide security at Chidley Hall. The two officers, Evans and Egbuonye, conducted themselves appropriately in their handling of the situation which led to plaintiff's injury on May 5, 1994.
12. The greater weight of the evidence was that plaintiff entered the dorm knowing that the gunman was inside thereby placing himself in a position of foreseeable danger.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSION OF LAW
Plaintiff has not proven negligence on the part of any named employee of NCCU in connection with his shooting.
 ***********
The foregoing stipulations, findings of fact and conclusions of law engender the following
 ORDER
1. Plaintiff's claim must be and the same is hereby DENIED.
2. Each side shall bear its own costs.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_______________ RENEE C. RIGGSBEE COMMISSIONER
 S/____________ BUCK LATTIMORE CHAIRMAN
BSB:md